

**FILED & ENTERED**

**JAN 14 2016**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell  DEPUTY CLERK

<u>**ORDER NOT FOR PUBLICATION**</u>

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:15-bk-28329-RK |
| VOGUE BEAUTY STUDIO, INC., | Chapter 11 |
| Debtor. | **ORDER DENYING "MOTION IN INDIVIDUAL CHAPTER 11 CASE FOR ORDER AUTHORIZING DEBTOR IN POSSESSION TO EMPLOY GENERAL BANKRUPTCY COUNSEL [11 U.S.C. § 327(A), LBR 2014-1]; AND TO FILE INTERIM FEE APPLICATION USING PROCEDURE IN LBR 9013-1(O)"** |
| | [NO HEARING REQUIRED] |

   Pending before the court is debtor Vogue Beauty Studio, Inc.'s ("Debtor") "Notice of Motion and Motion in Individual Chapter 11 Case for Order Authorizing Debtor in Possession to Employ General Bankruptcy Counsel [11 U.S.C. § 327(a), LBR 2014-1]; and to File Interim Fee Applications Using Procedure in LBR 9013-1(o)" pursuant to Local Bankruptcy Rule 9013-1(o) ("Motion"), filed through Debtor's counsel of record, Michael Jay Berger, Law Offices of Michael Jay Berger ("Counsel"), on December 9, 2015.   ECF 15.

On December 28, 2015, Counsel filed a "Declaration RE: Entry of Order Without Hearing Pursuant to LBR 9013-1(o)," ECF 20, and lodged a proposed order on the Motion with the court on behalf of Debtor. On January 4, 2016, the court rejected the proposed order lodged with the court and sent an email notification to Counsel that incorrect motion and order forms were used because the forms were for an individual Chapter 11 case, which this case is not as the Debtor is a corporation and not an individual. Counsel used motion form F 2081-2.5.MOTION.EMPLOY.GEN.COUNSEL and order form F 2081-2.5.ORDER.EMPLOY.GEN.COUNSEL, which forms are to be used in individual Chapter11 cases and not entity Chapter 11 cases such as this one.

Despite the court's rejection of the proposed order with notice that Counsel was using incorrect motion and order forms not appropriate for an entity Chapter 11 case, Counsel submitted another proposed order on the same Motion on behalf of Debtor on January 6, 2016, again on a Form F 2081-2.5.ORDER.EMPLOY.GEN.COUNSEL, but altering the form order in several respects. Most conspicuously, Counsel deleted the word "INDIVIDUAL" from the caption of the form order to make it fit the Debtor, a corporation, italicized the word, "Individual," in paragraph 1 of the form, and added an explanatory note for the court to adopt, stating "This form erroneously states that it is for an "Individual" Chapter 11, when in fact it is a Corporate Chapter 11." Copies of the official court form order and Counsel's altered version are attached hereto as Exhibits A and B.

In submitting an erroneous form of order, Counsel has not only failed to heed the court's notification that he was using the incorrect motion and order forms, but he compounded this failure by altering the court-approved form of order in violation of Local Bankruptcy Rule 9009-1(b)(4)(A), which Local Bankruptcy Rule 9009-1(b)(4)(A) expressly provides that, "Regardless of whether a court-approved form is mandatory or optional, no language or provisions may be altered or deleted from a form, whether a form is filed or lodged." The court also observes that it takes a certain amount of chutzpah to add language to a form order as Counsel has exhibited to request that the

court adopt in its order that "This form erroneously states it is for an 'Individual' Chapter 11, when in fact it is a Corporate Chapter 11," and thus having the court admit that its court-approved form order makes erroneous statements. In this regard, Counsel's added language to the proposed order also violates Local Bankruptcy Rule 9009-1(b)(4)(B), which states: "Additional Language: Language or provisions necessary to complete a form may be provided in the relevant sections of a form or attached as a clearly marked supplement to a form." This was not done. Under these rules, Counsel is not permitted to doctor the court-approved forms except under the strict and limited conditions specified in the rules.

The court admonishes Counsel for using the incorrect motion and order forms and for altering court-approved forms in violation of Local Bankruptcy Rule 9009-1(b)(4). The court strongly urges Counsel that if he plans to use the mandatory or optional court-approved forms in the future, he does so in the appropriate manner, and to read and re-read the Local Bankruptcy Rules until he is thoroughly familiar with them and, in particular, Local Bankruptcy Rule 9009-1(b)(4). It may well be that some of these problems here are attributable to his staff, who may need proper instruction themselves and who are his responsibility as their supervisor.

In light of the foregoing, and good cause appearing,

IT IS HEREBY ORDERED that:

1. The Motion as filed is DENIED WITHOUT PREJUDICE because it is procedurally defective since Counsel has used incorrect motion and order forms and has submitted an altered court-approved form in violation of the Local Bankruptcy Rules; and

2. Pursuant to Local Bankruptcy Rule 9011-3(a), Counsel is now ordered to read Local Bankruptcy Rule 9009-1(b)(4) and file a declaration with the court stating that he has done so and has instructed all members of his staff that court-approved forms may not be altered in violation of Local Bankruptcy Rule 9009-1(b)(4) by January 26, 2016. Failure to timely file this declaration with

<u>the court may result in the imposition of monetary sanctions against Counsel in the amount of $100.00</u>.  Counsel may request reconsideration of these sanctions within 14 days of the entry of this order by filing a request for hearing on 21 days notice on the court's regular law and motion calendar on Tuesdays at 2:30 p.m.

IT IS SO ORDERED.

<div style="text-align:center">###</div>

Date: January 14, 2016

_____
Robert Kwan
United States Bankruptcy Judge

# Exhibit A

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|

☐ *Individual appearing without attorney*
☐ *Attorney for:*

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA - _____ DIVISION**

In re:

CASE NO.:

CHAPTER: 11

**ORDER RE MOTION IN INDIVIDUAL CHAPTER 11 CASE TO AUTHORIZE DEBTOR-IN-POSSESSION TO EMPLOY GENERAL COUNSEL**

**[11 U.S.C. § 327, LBR 2014-1]**

☐ No Hearing: LBR 9013-1(o)(3)
☐ Hearing Information:
DATE:
TIME:
COURTROOM:
ADDRESS:

Debtor(s).

1. The court has considered the Notice of Motion and Motion In Individual Chapter 11 Case for Order Authorizing Debtor-in-Possession to Employ General Counsel and File Interim Fee Applications using procedure in LBR 9013-1(o).

2. The Motion was:    ☐ Opposed    ☐ Unopposed    ☐ Settled by stipulation

3. Based upon the motion and supporting documents, and the findings and conclusions made at the hearing if a hearing was held, IT IS ORDERED THAT:

   a. ☐ The Motion is granted pursuant to 11 U.S.C. § 327 and the Debtor-in-Possession is authorized to employ: _____ (General Counsel) effective on (*date*) _____.

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015                                                                 Page 1                                F 2081-2.5.ORDER.EMPLOY.GEN.COUNSEL

    b.   General Counsel will seek compensation pursuant to 11 U.S.C. ☐ § 328 or ☐ § 330

    c.   ☐ The Motion is denied.

4.   ☐ Notwithstanding 11 U.S.C. § 331, General Counsel may file interim fee applications in this case _____ days apart;

5.   ☐ General Counsel may use the procedures set forth in LBR 9013-1(o) regarding Notice of Opportunity to Request Hearing when requesting approval of interim fee applications in this case; and

6.   ☐ Other (*specify*):

<p style="text-align:center">###</p>

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                       Page 2                       F 2081-2.5.ORDER.EMPLOY.GEN.COUNSEL

# Exhibit B

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>MICHAEL JAY BERGER (State Bar # 100291)<br>LAW OFFICES OF MICHAEL JAY BERGER<br>9454 Wilshire Boulevard, 6th Floor<br>Beverly Hills, California 90212<br>T: 1.310.271.6223 \| F: 1.310.271.9805<br>E: michael.berger@bankruptcypower.com<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for Debtor:* Vogue Beauty Studio, Inc. | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - <u>LOS ANGELES DIVISION</u> DIVISION**

| In re:<br><br>VOGUE BEAUTY STUDIO, INC.,<br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:15-bk-28329-RK<br>CHAPTER: 11<br><br>**ORDER RE MOTION IN CHAPTER 11 CASE TO AUTHORIZE  DEBTOR-IN-POSSESSION TO EMPLOY GENERAL COUNSEL**<br><br>**[11 U.S.C. § 327, LBR 2014-1]**<br><br>☒ No Hearing: LBR 9013-1(o)(3)<br>☐ Hearing Information:<br>DATE:<br>TIME:<br>COURTROOM:<br>ADDRESS: |
|---|---|

1. The court has considered the Notice of Motion and Motion In *Individual* Chapter 11 Case for Order Authorizing Debtor-in-Possession to Employ General Counsel and File Interim Fee Applications using procedure in LBR 9013-1(o). This form erroneously states it is for an "Individual" Chapter 11, when in fact it is a Corporate Chapter 11.

2. The Motion was:    ☐ Opposed    ☒ Unopposed    ☐ Settled by stipulation

3. Based upon the motion and supporting documents, and the findings and conclusions made at the hearing if a hearing was held, IT IS ORDERED THAT:

   a. ☒ The Motion is granted pursuant to 11 U.S.C. § 327 and the Debtor-in-Possession is authorized to employ: <u>The Law Offices of Michael Jay Berger</u> (General Counsel) effective on *(date)* <u>11/30/2015</u>.

   b. General Counsel will seek compensation pursuant to 11 U.S.C. ☐ § 328 or ☒ § 330

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2015 | Page 1 | F 2081-2.5.ORDER.EMPLOY.GEN.COUNSEL

c. ☐ The Motion is denied.

4. ☐ Notwithstanding 11 U.S.C. § 331, General Counsel may file interim fee applications in this case _____ days apart;

5. ☒ General Counsel may use the procedures set forth in LBR 9013-1(o) regarding Notice of Opportunity to Request Hearing when requesting approval of interim fee applications in this case; and

6. ☐ Other (*specify*):

###

---

This form is optional. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*June 2015*                    Page 2                    **F 2081-2.5.ORDER.EMPLOY.GEN.COUNSEL**